1  KAREN VAN DIJK, Bar No. 205460
   Karen.VanDijk@bbklaw.com
2  JENNIFER C. BROWN, Bar No. 230181
   Jennifer.brown@bbklaw.com
3  BEST BEST & KRIEGER LLP
   5 Park Plaza
4  Suite 1500
   Irvine, CA  92614
5  Telephone: (949) 263-2600
   Telecopier: (949) 260-0972
6
7  Attorneys for Defendant/Cross Claimant,
   ORANGE COUNTY DEPARTMENT OF
   EDUCATION
8

**JS-6**

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12  IRVINE UNIFIED SCHOOL          Case No.  CV10-01431 JVS (ANx)
    DISTRICT,                      Judge:  Hon. James V. Selna
13
              Plaintiff,           **JUDGMENT**
14
         v.
15
    K.G., an adult student, ORANGE
16  COUNTY DEPARTMENT OF
    EDUCATION, and CALIFORNIA
17  DEPARTMENT OF EDUCATION,

18            Defendants.

ORANGE\KVANDIJK\72183.1

JUDGMENT
CV10-01431 JVS (ANx)

This action was heard by the Court on November 8, 2010, on the following Motions:

- Plaintiff Irvine Unified School District's ("IUSD") Motion for Summary Judgment;
- Defendant K.G., *et al.'s* Motion for Summary Judgment;
- Defendant/Cross-Claimant Orange County Department of Education's ("OCDE") Motion for Summary Judgment; and
- Defendant California Department of Education's ("CDE") Motion for Summary Judgment.

All parties appeared through counsel, as reflected by the record. The Court, having reviewed the Motions, the Consolidated Oppositions, and Consolidated Replies, and having heard argument and good cause appearing, hereby ENTERS JUDGMENT as follows:

1) Judgment is entered in favor of OCDE and IUSD, in favor of K.G. as against CDE only, and against CDE;

2) The Decision rendered by the administrative law judge following the November 30, 2009 hearing of the Office of Administrative Hearings ("OAH") in Consolidated Case Nos. 2009090943 and 2009100565 is hereby reversed, in part, with respect to its finding that CDE was not responsible for implementing and funding K.G.'s education in an out-of-state residential treatment center ("RTC") following his release from the Orange County Juvenile Hall in October and December 2007 through the present;

3) CDE is the entity entirely responsible for implementing and funding K.G.'s out-of-state RTC placement, consistent with his individual education program and all that it encompasses, for the period of October 26, 2007 through the date that he graduates high school or his twenty-second birthday, whichever occurs first. This obligation includes, but is not limited to, funding K.G.'s tuition and

related services for his out-of-state RTC placement at Daystar, as well as any transportation and visitation costs associated with that placement;

4) As of October 26, 2007, OCDE did not have, and OCDE does not now have, any obligation to implement or fund any portion of K.G.'s IEP that placed K.G. in an out-of-state residential treatment facility, including his out-of-state RTC placement at the residential treatment facility at Daystar;

5) CDE is ordered to reimburse OCDE in the amount of $59,185.52 for the educationally-related costs that OCDE has expended for B.P.'s educational program from October 26, 2010 through the present;

6) OCDE and IUSD are prevailing parties for purposes of the underlying administrative action and the instant appeal thereof;

7) K.G. is the prevailing party as against CDE only for purposes of the underlying administrative action and the instant appeal thereof;

8) OCDE, IUSD, and K.G. shall recover their reasonable costs of suit herein as against CDE;

9) This Court retains jurisdiction over the parties to the extent necessary to allow OCDE to obtain reimbursement from CDE, as described herein; and

10) This Court retains jurisdiction over the parties to the extent necessary to allow K.G. to obtain prevailing party attorney's fees from CDE pursuant to the Individuals with Disabilities Education Act for purposes of the underlying administrative action and the instant appeal hereof.

Dated: November 30, 2010

By: _____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE